UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

JEFFREY HIGHAM,                          :

                        Plaintiff,       :

           - against -                   :

DAVID TEMPLE, individually, JOHN D.      :
ADAMS, individually, THOMAS KINSLEY,
individually, WERNER STIEGLER,           :
individually, DANIEL FRENCH,
individually, BARBARA ZULAUF,            :
individually, and THE TOWN OF BEEKMAN,
New York,                                :

                        Defendants.      :

- - - - - - - - - - - - - - - - - - - - X

**ECF CASE**

05 Civ. 7979 (WCC)

**OPINION
AND ORDER**

**A P P E A R A N C E S :**

LOVETT & GOULD LLP
**Attorneys for Plaintiff**
222 Bloomingdale Road
White Plains, New York 10605

KIM BERG, ESQ.

        Of Counsel

KEANE & BEANE, P.C.
**Attorneys for Defendants
  John D. Adams, Thomas Kinsley
  and the Town of Beekman, New York**
445 Hamilton Avenue, 15th Floor
White Plains, New York  10601

LANCE H. KLEIN, ESQ.
EDWARD J. PHILLIPS, ESQ.

        Of Counsel

**Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiff Jeffrey Higham, a former employee of the Town of Beekman Highway Department (the "Department"), brings this § 1983 action against defendants Town of Beekman (the "Town"), Department Superintendent David Temple, Town Supervisor John D. Adams and Town Board members Thomas Kinsley, Werner Stiegler, Daniel French and Barbara Zulauf alleging violations of his First and Fourteenth Amendment rights following his termination after 27 years of employment.  Plaintiff also alleges age discrimination under New York Executive Law § 296 *et seq.*

Presently before the Court is defendants' motion to quash a subpoena *duces tecum* served against nonparty Joseph E. Wooley, Esq., the hearing officer who presided over plaintiff's disciplinary proceedings pursuant to Civil Service Law § 75.[1]  For the following reasons, defendants' motion is granted.

## BACKGROUND

Higham, now 45 years of age, worked as a shop steward at the Department for 27 years. (Complt. ¶ 3.)  He was also a union member of Local 456, for which he apparently served as representative and spokesperson.  (Temple Dep. at 64-65.)  Higham allegedly observed Superintendent Temple and members of his family commit improprieties and abuses directly affecting Town funds allocated to the Department. (Complt. ¶¶ 8, 10.) According to the Complaint, after Higham informed Town Board members Adams and Kinsley of Temple's actions, defendants "entered into an agreement to selectively prosecute Plaintiff and then terminate Plaintiff's

---

[1] Wooley joins defendants' motion to quash, thereby negating the need to comment on third-party standing.  (Wooley Aff. ¶ 2.)

1

employment." (Complt. ¶ 9.)  Shortly thereafter, defendants suspended Higham without pay and

brought disciplinary charges against him for improper use of and theft of Department resources.

(Complt. ¶ 10.)

Temple, who personally observed plaintiff's supposed actions, recused himself from ruling

on the charges and appointed Wooley to serve as the independent hearing officer at the disciplinary

proceedings.  (Phillips Decl., Exs. B, C.)  Wooley conducted an evidentiary hearing on March 23,

2005 at which both parties were represented by counsel.  (*Id.*, Ex. D.)  On June 9, 2005, Wooley

issued a decision finding plaintiff guilty of the violations alleged and recommending termination.

(*Id.*, Ex. F.)  The Town Board then adopted Wooley's decision by resolution dated August 15, 2005.

(*Id.*, Ex. G.)

Plaintiff filed the instant action on September 14, 2005, which, in part, alleges that Wooley

is "widely known to always and/or virtually always decide disciplinary proceedings in favor of the

municipal corporate subdivision paying his bill," and, as a result, issued a "biased report and

recommendation."  (Complt. ¶¶ 11, 12.)  Plaintiff also has apparently instituted an Article 78

proceeding challenging the procedures employed by Wooley and his resulting decision.  (Defs. Mem.

Supp. Mot. Quash at n.3.)  On June 8, 2006, plaintiff served Wooley with the  subpoena *duces tecum*

that is the focus of the present motion.  (Phillips Decl., Ex. I.)

**DISCUSSION**

"The inner workings of administrative decision making processes are almost never subject

to discovery." *Goetz v. Crosson*, 41 F.3d 800, 805 (2d Cir. 1994); *accord United States v. Morgan*,

313 U.S. 409, 422 (1941); *Nat'l Nutritional Foods Ass'n v. FDA*, 491 F.2d 1141, 1144-45 (2d Cir.

2

1974).  An exception is made, however, "where a party has made a *prima facie* showing that the decision by an agency or a judicial officer is tainted by impropriety."  *McGoldrick v. Koch*, 110 F.R.D. 153, 155 (S.D.N.Y. 1986) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).  Yet, "[m]ere assertions that there was bad faith on the part of a decision-maker will not suffice."  *Id.* at 156 (citing *Friends of the Shawangunks, Inc. v. Watt*, 97 F.R.D. 663, 667 (N.D.N.Y. 1983)).

Plaintiff makes a number of allegations regarding Wooley's compensation and frequent selection by defendants' law firm and the Town in an attempt to establish an appearance of impropriety.  In addition to seeking discovery into, *inter alia*, statistical data on the percentage of Wooley's decisions in favor of the Town and the frequency of his hiring by defendants' law firm (Pl. Mem. Opp. Mot. Quash at 6-8, 9), plaintiff seeks to depose Wooley in order to inquire into, *inter alia*, any communications between Wooley and defendants' law firm with respect to plaintiff.  (*Id.* at 9-10.)

Discovery is not a fishing expedition, and we will not license one on the basis of wholly unsupported allegations of pecuniary interest and bias.  The fact that Wooley was compensated for his appearance as the hearing officer is not surprising.  And there is no evidence that Wooley was predisposed to decide the charges against plaintiff, regardless of his previous selection by defendants' firm to serve as hearing officer in other, wholly unrelated disciplinary proceedings.  *See Anderson v. Dolce*, 653 F. Supp. 1556, 1568 (S.D.N.Y. 1987) (noting previous service in separate disciplinary proceedings involving the same individual does not compel a finding of impropriety).  Indeed, Superintendent Temple delegated the decision making power to Wooley to ensure an independent hearing because Temple witnessed the actions giving rise to plaintiff's disciplinary

charges.

Even if plaintiff obtains all the statistical data he requests on Wooley's decision making tendencies, this would not provide further reason for Wooley's deposition. The Second Circuit has already stated that statistical evidence "showing the extreme rarity" with which a quasi-judicial decision maker rules in favor of a certain party in disciplinary proceedings is an insufficient basis to allow his or her deposition. *Andrews v. Knowlton*, 509 F.2d 898, 906-07 (2d Cir.), *cert. denied*, 423 U.S. 873 (1975). "Thus, in order to establish a *prima facie* case of impropriety, a party must present a more specific evidentiary basis." *McGoldrick*, 110 F.R.D. at 156 (commenting on *Andrews*).

Plaintiff also argues that his subpoena should not be quashed because the data on Wooley's decisions that is sought is a matter of public record. (Pl. Mem. Opp. Mot. Quash at 13.) This further tends to show that no subpoena is necessary to obtain the statistical data sought and that Wooley's deposition is unnecessary. Consequently, we grant defendants' motion to quash.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash the subpoena *duces tecum* of nonparty Joseph E. Wooley is granted.

SO ORDERED.

Dated: White Plains, New York
        September 22, 2006

_____
                Sr. United States District Judge

4

charges.

Even if plaintiff obtains all the statistical data he requests on Wooley's decision making tendencies, this would not provide further reason for Wooley's deposition. The Second Circuit has already stated that statistical evidence "showing the extreme rarity" with which a quasi-judicial decision maker rules in favor of a certain party in disciplinary proceedings is an insufficient basis to allow his or her deposition. *Andrews v. Knowlton*, 509 F.2d 898, 906-07 (2d Cir.), *cert. denied*, 423 U.S. 873 (1975). "Thus, in order to establish a *prima facie* case of impropriety, a party must present a more specific evidentiary basis." *McGoldrick*, 110 F.R.D. at 156 (commenting on *Andrews*).

Plaintiff also argues that his subpoena should not be quashed because the data on Wooley's decisions that is sought is a matter of public record. (Pl. Mem. Opp. Mot. Quash at 13.) This further tends to show that no subpoena is necessary to obtain the statistical data sought and that Wooley's deposition is unnecessary. Consequently, we grant defendants' motion to quash.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash the subpoena *duces tecum* of nonparty Joseph E. Wooley is granted.

SO ORDERED.

Dated: White Plains, New York
          September 22, 2006

William C. Conner

Sr. United States District Judge